UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

Uniform State Court Case No.:  502013CA007994XXXXMB(AI)

WILLIAMS KASPER BENDA, INC.
f/k/a SMITH WILLIAMS SHOPE KASPER, INC.
d/b/a BOCA RADIATION ONCOLOGY ASSOCIATES,

    Plaintiff,

v.

COMPREHENSIVE CANCER CENTERS, LLC f/k/a
COMPREHENSIVE CANCER CENTERS, INC., and
APTIUM ONCOLOGY, INC. f/k/a SALICK HEALTH CARE, INC.

    Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Comprehensive Cancer Centers, LLC (f/k/a Comprehensive Cancer Centers, Inc.) ("CCC") and Aptium Oncology, Inc. (f/k/a Salick Health Care, Inc.) ("Aptium") (collectively, "Defendants") hereby give notice that they are removing the action styled *Williams Kasper Benda, Inc. f/k/a Smith Williams Shipe Kasper, Inc. d/b/a Boca Radiation Oncology Associates v. Comprehensive Cancer Centers, LLC f/k/a Comprehensive Cancer Centers, Inc. and Aptium Oncology, Inc. f/k/a Salick Health Care, Inc.*, Case No. 502013CA007994XXXXMB(AI), currently pending in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida.  The grounds for removal are set forth below:

## THE STATE COURT ACTION

1. On May 9, 2013, Plaintiff, Williams Kasper Benda, Inc. f/k/a Smith Williams Shope Kasper, Inc. d/b/a Boca Radiation Oncology Associates (hereinafter, "BROA") filed a Complaint (the "Complaint") in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, as Case No. 502013CA007994XXXXMB(AI) (the "State Court Action"). Both Defendants were served with the Summons and Complaint in the State Court Action on May 24, 2013.

2. Defendants have not yet served a response to the Complaint pursuant to a stipulation between the parties to extend the time for doing so. By operation of Fed. R. Civ. P. 81(c)(2)(C), Defendants' response to the Complaint will be due within seven (7) days after the notice of removal is filed.

## THE PARTIES

3. Plaintiff, BROA, is a Florida corporation with its principal place of business in Palm Beach County, Florida. (Compl. ¶ 2).

4. Defendant CCC is a dissolved California limited liability company. (Compl. ¶ 3; Ex. A, Decl. of Lori Sullivan at ¶ 6).

5. Defendant Aptium is a Delaware corporation with its principal place of business in Southern California. (Compl. ¶ 5; Ex. A, Decl. of Lori Sullivan at ¶ 4; Ex. B. Decl. of Wesley L. Scruggs at ¶¶ 3-4).

## GROUNDS FOR REMOVAL

1. **Diversity Jurisdiction Exists**

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and this action is removable under 28 U.S.C. § 1441, because this is a civil action between citizens of different

states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs (*See* Compl. ¶¶ 2-5, 35, 41, 49, 55).

### A.     The Diversity of Citizenship Requirement Is Satisfied

7. "A plaintiff cannot avoid federal diversity jurisdiction by incompletely or incorrectly alleging a party's citizenship under § 1332." *Rollo v. Keim*, No. 3:09cv146/MCR/EMT, 2009 WL 1684612, at *2 n.4 (N.D. Fla. June 16, 2009). In such instances, a removing defendant may allege its own citizenship in the removal papers. *See id.* at *2; *see also Stramiello v. Petsmart, Inc.*, No. 8:10-cv-659-T-33TGW, 2010 WL 2136550, at *4 (M.D. Fla. May 26, 2010) (removing defendant established its own corporate citizenship); *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *2-3, n.1 (S.D. Fla. June 1, 2009) (removing defendant provided its citizenship); *Huchon v. Jankowski*, No. 06-10094CIVMOORE, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007) (holding that "allegations of diversity, however, are not required to exist *in* the [c]omplaint" and the removing defendants may establish their own citizenship (emphasis in original)). Moreover, "[d]iversity is determined when the suit is instituted, not when the cause of action arose." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1354-1355 (M.D. Fla. 2001).

8. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State in which it has its principal place of business." 28 U.S.C. § 1332(c)(1). On the other hand, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

9.      At the time of the filing of the State Court Action, at the time of removal, and at all times in between, Plaintiff, BROA, was and remains a citizen of the State of Florida because it is a Florida corporation with a principal place of business located in Florida. (Compl. ¶ 2).

10.     At the time of the filing of the State Court Action, at the time of removal, and at all times in between, Defendant Aptium was and is a Delaware corporation with its principal place of business in Southern California. (Ex. A, Decl. of Lori Sullivan at ¶ 4; Ex. B. Decl. of Wesley L. Scruggs at ¶¶ 3-4; Compl. ¶ 5); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (providing standard for determining corporation's principal place of business is "the place where [its] officers direct, control, and coordinate the corporation's activities"). Therefore, Aptium is a citizen of Delaware and California for purposes of determining diversity of citizenship.

11.     At the time of the filing of the State Court Action, at the time of removal, and at all times in between, Defendant CCC was a dissolved and canceled California limited liability company whose only member was Aptium. (Ex. A, Decl. of Lori Sullivan at ¶¶ 5-6; Compl. ¶ 3). As explained *supra* at ¶ 10, Aptium is a citizen of Delaware and California. CCC is, therefore, a citizen of Delaware and California for purposes of determining diversity of citizenship.

12.     California limited liability companies may be dissolved by, among other things, a proper vote by its members. *See* Cal. Corp. Code § 17350(b). Following dissolution, a limited liability company typically undergoes a "winding up" process. *See* Cal. Corp. Code § 17353(c). The final step in the process is cancelation. *See* Cal. Corp. Code § 17356(b)(1). CCC was dissolved and canceled pursuant to this statutory process. (*See* Ex. A, Decl. of Lori Sullivan at ¶ 6). California statutory law further provides that "causes of action" may be enforced "against a

dissolved limited liability company, whether arising before or after the dissolution of the limited liability company." Cal. Corp. Code § 17355(a).

13. Accordingly, there is complete diversity of citizenship between the parties in this action because Plaintiff is a citizen of Florida, while Defendants are not. *See* 28 U.S.C. §§ 1332(a). *See also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

### B. The Amount-in-Controversy Requirement Is Satisfied

14. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

15. Specifically, Plaintiff affirmatively alleges in the Complaint that the amount in controversy is approximately $5,000,000, which greatly exceeds the $75,000 jurisdictional threshold. (*See* Compl. ¶¶ 41, 49, 55, and "Wherefore" clauses on Pgs. 8-9 and 9-10). These allegations meet the amount-in-controversy requirement and satisfy 28 U.S.C. § 1332(a). *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) ("When the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy.").

16. Accordingly, the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

## OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

17. This Notice of Removal is timely filed within the thirty-day period required by 28 U.S.C. §1446(b). Plaintiff served both Defendants with the Summons and Complaint in the State Court Action on May 24, 2013 and the Notice of Removal is being filed on June 21, 2013.

18. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1441(a) because the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, is within the Southern District of Florida. (*See also* Compl. ¶ 7).

19. Defendants have attached as **Composite Exhibit C** all process, pleadings and orders served on them in the State Court Action, as required by 28 U.S.C. §1446(a).

20. Written notice of the filing of this Notice of Removal will be promptly served upon the Plaintiff, and a true copy of this Notice of Removal and the accompanying documents will be filed with the Clerk of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, as required by 28 U.S.C. §1446(d). A copy of the Notice to State Court of Removal, without attachments, is attached hereto as **Exhibit D**.

21. Defendants Aptium and CCC both join in and consent to the removal of this action.

WHEREFORE, Defendants respectfully request that the above-captioned State Court Action now pending in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, be removed to this Court. Defendants request that this Court accept jurisdiction of this action, that this action be placed upon the docket of the Court for further proceedings, the same as though this action originally had been instituted in this Court, and that this Court make such other and further orders as are just and equitable.

Dated: June 21, 2013

CARLTON FIELDS, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone:  (561) 659-7070
Facsimile: (561) 659-7368

By: ___/s/ Kristin A. Gore_____
Robert W. Pass, Esquire
Florida Bar No.: 183169
rpass@carltonfields.com
Mac R. McCoy, Esquire
Florida Bar No.: 513407
mmccoy@carltonfields.com
Aaron S. Weiss, Esquire
Florida Bar No.: 048813
aweiss@carltonfields.com
Kristin A. Gore, Esquire
Florida Bar No.:  059090
kgore@carltonfields.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been furnished this 21st day of June, 2013, by e-mail, to:

Amy S. Rubin, Esq.
David A. Greene, Esq.
Susanne M. Calabrese, Esq.
Fox Rothschild LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
arubin@foxrothschild.com
dgreene@foxrothschild.com
scalabrese@foxrothschild.com
wpbeserve@foxrothschild.com
*Counsel for Plaintiff*

By: /s/ Kristin A. Gore
Kristin A. Gore, Esquire
Florida Bar No.: 059090
kgore@carltonfields.com